# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KNAPP, | Case No. 1:15-cv-00961 DLB |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| VIRK, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff David Knapp ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 25, 2015. He names Valley State Prison ("VSP") Chief Medical Executive Pat Virk, VSP Nurse Practitioners Patricia Johnson and L. Stolfus, VSP Doctor J. Meisser-Frisk and California Substance Abuse Treatment Facility ("CSATF") Doctor K. Lee CDCR as Defendants.[1]

**A.   SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on July 6, 2015.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    ALLEGATIONS IN COMPLAINT**

Plaintiff is currently incarcerated at VSP. The events at issue occurred while Plaintiff was incarcerated at VSP and CSATF.

*Claim One*

Plaintiff alleges that he suffers from excruciating pain as a result of rheumatoid arthritis, osteoporosis, and severe herniated cervical discs at L1-2 and L2-3. Since January of 2006, he

2

must be heavily medicated to control the pain. Defendant Lee, Plaintiff's primary care provider while he was at CSATF, was aware of Plaintiff's medical condition, agreed with the diagnoses made by prior physicians, and acknowledged his pain and suffering. However, despite being aware that Plaintiff suffered greatly when he went without his medication, Defendant Lee refused to ensure that Plaintiff had current prescriptions for his medications. On numerous occasions, he informed Plaintiff that medications which were working were now non-formulary and would not be continued.

Additionally, Defendant Lee "on numerous occasions subjected petitioner to hostility and abuse in what can only be terms as retaliation for petitioner's legal efforts to secure the proper medication and treatment that is constitutionally guaranteed him." ECF No. 1, at 6. The retaliatory actions taken against Plaintiff included withholding his medications for weeks at a time, and forcing him to wait outside the medical clinic for hours in inclement weather, only to be told that his medical file had not been retrieved and would not be retrieved, forcing Plaintiff to be put off for several weeks, with that pattern repeating itself.

*Claim Two*

Plaintiff alleges that since his transfer from CSATF, he went to Mule Creek State Prison and then to VSP. He alleges that he has suffered the same, or greater, medical indifference at the hands of VSP staff.

On February 20, 2015, Defendant Meissner-Frank told Plaintiff that he did not have Valley Fever. Defendant Stolfus previously told Plaintiff that he did not have Valley Fever on August 8, 2014. Plaintiff alleges that both Defendants Meissner-Frank and Stolfus "denied the fact of" his 2009 positive showing of cocci infection. ECF No. 1, at 7. These denials came even after clear evidence of a May 29, 2009, pulmonary care consultation showing a right upper lobe mass and likely Valley Fever.

Plaintiff contends that his Valley Fever is being kept from him and that he is not receiving proper treatment.

///

///

*Claim Three*

Finally, Plaintiff alleges that Defendant Johnson discontinued his Lyrica as a pain medication taken for his other ailments, stating that he did not fit the criteria for the medication. This caused Plaintiff to suffer greatly.

**C.    DISCUSSION**

    1.    Defendant Lee

The doctrine of *res judicata* bars the re-litigation of claims previously decided on their merits. Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005). "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" Headwaters, Inc., 399 F.3d at 1052 (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.2d 1064, 1077 (9th Cir. 2003)). "As a general matter, a court may, sua sponte, dismiss a case on preclusion grounds 'where the records of that court show that a previous action covering the same subject matter and parties had been dismissed.'" Headwaters, Inc., 399 F.3d at 1055 (quoting Evarts v. W. Metal Finishing Co., 253 F.2d 637, 639 n. 1 (9th Cir.1958)).

Plaintiff's claims against Defendant Lee were originally raised in Knapp v. Grannis, 1:11-cv-01467 SKO. The Court screened the complaint and found that he stated an Eighth Amendment claim against Defendant Lee. However, Plaintiff failed to comply with the Court's orders related to service issues and the action was dismissed, with prejudice, on June 23, 2014, for failure to prosecute.

This case involves the same claim against Defendant Lee, and a dismissal for failure to prosecute is a dismissal on the merits. Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995). Plaintiff is therefore barred from restating his claims against Defendant Lee.

    2.    Eighth Amendment - Medical Care

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir.

4

2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

*Defendants Meissner-Frisk and Stolus*

Plaintiff first alleges that Defendants Meissner-Frisk and Stolus "denied the fact of [his] 2009 positive showing of the cocci infection," and told him that he did not have Valley Fever. ECF No. 1, at 7.  He also cites to a May 2009 pulmonary consultation showing a right upper lobe mass and contends that he has had numerous positive cocci titers.  Plaintiff therefore believes that he has been denied Valley Fever treatment.

Based on Plaintiff's attached exhibits, it appears that Defendants Meissner-Frisk and Stolus interviewed and/or examined Plaintiff with regard to his July 12, 2014, appeal contending that he had Valley Fever in 2009 and was not told or treated. ECF No. 1, at 9-13.  According to the Second Level denial, Defendant Meissner-Frisk completed a thorough review of Plaintiff's electronic Unit Health Record and there were no records stating he had Valley Fever in 2009. Defendant Stolfus also reviewed Plaintiff's health records, including multiple lab studies performed while Plaintiff was at CSATF.  All tests for coccidioides antibody (Valley Fever testing) were negative, and the reviewer concluded that Plaintiff did not have Valley Fever.  A cocci skin test was ordered on February 20, 2015, to verify if Plaintiff had a previous positive infection.  The reviewer also noted that upon examination, Plaintiff was completely asymptomatic. ECF No. 1, at 12-14.

///

Based upon their review of Plaintiff's medical records and their interview with Plaintiff, both Defendant Meissner-Frisk and Stolus concluded that Plaintiff did not have Valley Fever. There is no indication that this conclusion was in any way deliberately indifferent.

Indeed, Plaintiff's medical records from 2009 show numerous possible causes of a right lung mass. An April 2, 2009, cocci serology indicates that antibodies were not detected. ECF No. 1, at 21. The May 2009 consult cited by Plaintiff indicates that the doctor "needs to rule out malignancy, but it can happen with Valley Fever. . . rule out tuberculoma." The doctor suggested cocci serology. ECF No. 1, at 33. Concurrent diagnostic testing indicated that "Valley Fever would be likely," and "differential includes cocci, tuberculosis or carcinoma." ECF No. 1, at 24, 26. Finally, an August 19, 2009, chest x-ray- states coccidiomycoses "appears a likely consideration." The doctor suggested a repeat cocci titer and if appropriate, a CT scan of his chest. ECF No. 1, at 23.

Therefore, the records show that there was more than one possible cause for Plaintiff's lung mass in 2009, and there is no indication that he was ever diagnosed with Valley Fever. In fact, Plaintiff seems to acknowledge this. On the September 17, 2014, First Level response, Plaintiff wrote on the letter, "It would of been nice if they told me Valley Fever would of been likely." ECF No. 1, at 14.

Plaintiff therefore fails to state a claim against Defendants Meissner-Frisk and Stolfus.

*Defendant Johnson*

Plaintiff next contends that Defendant Johnson discontinued his Lyrica as a pain medication, stating that he did not fit the criteria for the medication. Again, however, he presents no facts that suggest that she acted with the requisite state of mind. Plaintiff therefore fails to state a claim against Defendant Johnson

3.  Defendant Virk

As noted above, Plaintiff must link the actions or omissions of each named defendant to a violation of his rights. Here, Plaintiff names Defendant Virk in the caption, but he does not include him in any factual allegations.

///

Though the Court will not guess as to Plaintiff's factual allegations as to Defendant Virk, it appears that he denied Plaintiff's health care appeal at the Second Level. ECF No. 1, at 12-13. Plaintiff is advised that generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.

Under Plaintiff's current factual allegations, that circumstance has not been presented here.

## D. CONCLUSION AND ORDER

Plaintiff's complaint does not state any cognizable claims against any Defendants.

Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). **Plaintiff may not amend his claim against Defendant Lee, as that claim is barred.**

If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." Twombly, 550 U.S. at 555 (citations omitted).

///

///

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order;
4. If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **November 3, 2015**          /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE